IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN P. GATCHEL,

    Plaintiff,

vs.                                                                      CIV No. 02-1134 JC/RLP

REGULATION AND LICENSING DEPARTMENT,
FINANCIAL INSTITUTIONS DIVISION, State of New Mexico;
WILLIAM J. VERANT, Director, Financial
Institutions Division; JANIS R. RUTSCHMAN,
Deputy Director, Financial Institutions Division;
ARTHUR C. GONZALES, Examiner Chief,
Financial Institutions Division; KELLY S. WARD,
Superintendent Regulation and Licensing
Department; and also each and everyone, individually,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment and Memorandum in Support Thereof, filed August 15, 2003 (*Doc. 27*). Having reviewed the motion, memoranda and all relevant authority, the Court being fully advised, finds the motion well-taken, and it is, therefore, granted in part and denied in part.

**I.**     **Background**

Plaintiff, a Caucasian male, has been employed as a Financial Institution Examiner or Bank Examiner at the New Mexico Regulation and Licensing Department since 1975. Appearing *pro se*, Plaintiff alleges multiple claims against the New Mexico Regulation and Licensing Department and various Defendants in both their official and individual capacities. As Defendants point out, Plaintiff's

Complaint is not the benchmark of legal clarity or acuity. The Court has interpreted Plaintiff's filings as asserting his claims pursuant to 42 U.S.C. § 1983.[1] Interpreting his Complaint, Plaintiff's first claim appears to allege hostile work environment based on race due to actions by his immediate supervisor, Arthur C. Gonzales. The actions include Defendant Gonzales not allowing Plaintiff sufficient time to edit and have others proofread his reports. As a result, Plaintiff's reports contained errors. Plaintiff complains that these errors caused him to receive mediocre and substandard evaluation grades and limited his salary increases and promotions. Defendant Gonzales also allegedly spent "very little time developing, with Plaintiff, his goals and objectives, technical schooling, and career path." (Complaint at ¶ 2).

Plaintiff's second claim alleges that he was the victim of reverse discrimination due to management's decision to hire persons of "Hispanic and Chinese/Japanese descent" for positions to which Plaintiff had applied. (Complaint at ¶ 5). Plaintiff claims that Defendants' refusal to promote him to these positions even though he was "more qualified" than the other individuals is evidence of reverse discrimination.

Plaintiff's third claim appears to allege Equal Protection and Americans with Disabilities Act (ADA) violations.[2] These claims arise from a car accident in which he and a co-worker were involved. Plaintiff suggests that Defendants violated his right to Equal Protection, as Defendants did not allow

---

[1] Plaintiff does not articulate under which statute he is bringing his claims. As Plaintiff does not assert that he has filed a charge with the EEOC, the Court will assume he brings his claims pursuant to 42 U.S.C. § 1983. *Williams v. Meese*, 926 F.2d 994, 996 n.1 (10th Cir. 1991) (acknowledging that a plaintiff must file a timely complaint with the EEOC in order to bring a Title VII action); *see also Robbins v. Jefferson County Sch. Dist.*, 186 F.3d 1253 (10th Cir. 1999).

[2] On August 24, 2003, the parties stipulated to a dismissal of Plaintiff's ADA claims. *Stipulation of Dismissal of Plaintiff's Americans with Disabilities Act Claims with Prejudice,* filed Aug. 24, 2003 (*Doc. 23*). The Court, therefore, will not discuss these issues except in reference to Plaintiff's Equal Protection claim.

him to return to work at the same time as his co-worker although two medical doctors had cleared him. Plaintiff also alleges that (1) Defendants forced him to use his sick and annual leave, (2) Defendants stopped his "annual" salary increase, and (3) his accrual of pension time and benefits ceased. (Complaint at ¶ 6).

Plaintiff also alleges an Equal Protection violation in conjunction with certain hiring practices by management. Specifically, Plaintiff alleges that he has been subject to unfair and unequal treatment, as it is the practice of management to hire applicants at his grade and salary level although they do not possess the experience or knowledge required for the job.[3] (Complaint at ¶ 4).

## II. Standard of review

"To meet the burden of production required to support summary judgment, the movant need only to point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." *United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir. 1997). Summary judgment is appropriate if the movant establishes entitlement to judgment as a matter of law "given [the] uncontroverted, operative facts...." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). "Factual disputes that are irrelevant or unnecessary will not be counted." *Simons*, 129 F.3d at 1388.

"Where a movant has met the initial burden required to support summary judgment, the non-movant then must either establish the existence of a triable issue of fact under Fed. R. Civ. P. 56(e) or explain why he cannot...under Rule 56(f)." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002). Conclusory allegations made by a non-movant are not sufficient. *Id.* "Instead,

---

[3] Defendants construe this allegation as a civil conspiracy claim. After reviewing the claim, the Court finds that it is an Equal Protection claim and thus will review it as such.

sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Id.*

Because Plaintiff proceeds *pro se*, the Court construes his pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Pleadings filed *pro se* are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines*, 404 U.S. at 520-21. Despite this rule of liberal construction, *pro se* litigants are bound by the same rules of procedure as other litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

## III.    Discussion

    a.    *Hostile Work Environment*

Racial harassment under color of state law violates the Equal Protection Clause. *Ryan v. City of Shawnee*, 13 F.3d 345, 349-50 (10th Cir. 1993). Hostile work environment claims brought under § 1983 are analyzed in accordance with the standards governing claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*.[4] To survive a motion for summary judgment, a plaintiff must demonstrate under the totality of the circumstances that there is a material issue of fact that "(1) the harassment was pervasive or severe enough to alter the terms, conditions, or privileges

---

[4] The Tenth Circuit has never explicitly held that the elements of a § 1983 hostile work environment claim are the same as a Title VII hostile work environment claim. In *Nieto v. Kapoor*, 268 F.3d 1208,1218 (10th Cir. 2001), however, the court implicitly adopted the elements of a Title VII claim for a § 1983 hostile work environment claim. In *Nieto*, employees instituted a § 1983 action against their former supervisor alleging hostile work environment sexual harassment. The lower court explicitly adopted the elements governing similar Title VII actions. *Nieto v. Kapoor*, 182 F. Supp. 2d 1114, 1140 (D.N.M. 2000). The Circuit, while not expressly adopting the standards under Title VII, analyzed the claim as if it were a Title VII claim. *Nieto*, 268 F.3d at 1217-1219. Other circuits also have adopted the elements of a Title VII claim when analyzing hostile work environment claims brought pursuant to § 1983. *See e.g. Jemmott v. Coughlin*, 85 F.3d 61, 67 (2d Cir. 1996); *Pontarelli v. Stone*, 930 F.2d 104, 112 n.15 (1st Cir. 1991) *abrogated on other grounds by* Graphic Communications Int'l Union Local 12-N v. Quebecor Printing Providence, Inc.*,* 270 F.3d 1, 4 (1st Cir. 2001); *Trautvetter v. Quick*, 916 F.2d 1140, 1149 (7th Cir. 1990).

of employment, and (2) the harassment was racial or stemmed from racial animus." *Trujillo v. University of Colorado Health Sciences Ctr.*, 157 F.3d 1211, 1214 (10th Cir. 1998) (citation omitted). To meet the first prong, a plaintiff may provide evidence regarding "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23 (1993)).

Plaintiff's allegations include: (1) Plaintiff's supervisor, Art Gonzales ("Defendant Gonzales") did not afford Plaintiff sufficient time to edit and have others proofread his reports (Complaint at ¶ 1); (2) Defendant Gonzales used Plaintiff's errors as reasons to give him mediocre and substandard grades on his semi-annual and annual evaluations (Complaint at ¶ 1); (3) Defendant Gonzales "spent very little time developing, with Plaintiff, his goals and objectives, technical schooling, and a career path" (Complaint at ¶ 2); (4) Plaintiff was not sent to training (Complaint at ¶ 3); (5) Defendant Gonzales yelled at Plaintiff, including telling him to shut-up (Dfs. Exhibits, filed Aug. 27, 2003 (*Doc.30*), Exhibit A. at 178:6-16, 184:3-8); (6) Defendant Gonzales treated Plaintiff in an unprofessional manner (Exhibit A at 183:5-7); and (7) Defendant Gonzales induced Plaintiff into large amounts of stress due to requests regarding completion dates of his assignments (Exhibit A at 188:14-25; 189:1-6).

Regarding the first element, not only do these allegations fail to indicate the racial animus required to support a hostile work environment racial harassment claim, Plaintiff fails to augment these allegations with any evidentiary corroboration.[5] Nor do these alleged incidents suggest that Mr.

---

[5] Yet, even assuming Plaintiff's allegations do allege racial animus, he provides no evidentiary support. When a motion for summary judgment is made and supported as provided

Gonzales subjected Plaintiff to anything that was physically threatening or humiliating. Moreover, Plaintiff acknowledges that Defendant Gonzales yelled at other employees in a similar manner to which Plaintiff is objecting. (Exhibit A at 184:9-11). Such indiscriminate treatment does not support Plaintiff's claim that he was singled out for abuse. *Bolden v. PRC, Inc.,* 43 F.3d 545, 551 (10th Cir. 1994) (finding no hostile work environment, as the "intimidation, ridicule, and insult were directed indiscriminately, not targeted at [Plaintiff] due to his race."). Plaintiff's allegations merely reflect the everyday reality of job stress. "Normal job stress does not constitute a hostile or abusive work environment." *Trujillo*, 157 F.3d at 1214.

Due to Plaintiff's failure to demonstrate racial harassment, to avoid summary judgment Plaintiff must provide evidence that Mr. Gonzales' actions are due to racial animus. Such hostility or harassment must be based upon Plaintiff's protected class, such as race or national origin. *Bolden,* 43 F.3d at 551-52 (affirming summary judgment on hostile work environment and constructive discharge claims where plaintiff failed to establish that he and other employees were singled out for abuse by their coworkers because of their race). General harassment that is not based on race is not actionable. *Id.* Plaintiff's claim fails as a matter of law, as he is not a member of a protected class. Moreover, Plaintiff's allegations regarding Defendant Gonzales' behavior towards him, including

---

> [under Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*Tavery v. United States*, 32 F.3d 1423, 1431 n.1(10th Cir. 1994) (J. Garth concurring). Plaintiff's *Motion to Deny Defendants' Motion for Summary Judgment* (Response)*,* filed Aug. 22, 2003 (*Doc. 28*), is fatally flawed in this manner, as he merely reasserts his allegations without any factual support for any of his initial claims. "[T]he object of Rule 56(e) 'is not to replace conclusory allegations of the complaint with conclusory allegations of an affidavit.'" *Id.* at 1431 (quotation omitted).

Defendant's failure to allow sufficient time for Plaintiff to review his work and Defendant's refusal to develop Plaintiff's goals, clearly do not hint of racial animus. The Court, therefore, grants Defendants' summary judgment on Plaintiff's § 1983 hostile work environment claim.

    *b.*    *Reverse Discrimination*

Plaintiff alleges that he was not promoted to various positions due to his status as a Caucasian male. (Complaint at ¶ 5). Plaintiff's reverse discrimination claim, however, is barred due to his failure to present any evidence in support of his prima facie case.

Plaintiff's § 1983 claims are analyzed under the burden-shifting analysis first outlined in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). The elements of Plaintiff's § 1983 disparate treatment claim are the same whether brought pursuant to Title VII, § 1981, or § 1983. *Burns v. Board of County Com'rs of Jackson County*, 330 F.3d 1275, 1283 (10th Cir. 2003).

> 'In order to survive summary judgment, a plaintiff relying on *McDonnell Douglas* bears an initial burden of establishing a prima facie case intended to eliminate the most common nondiscriminatory reasons that might account for the adverse employment action.' [*English v. Colorado Dep't of Corr.*, 248 F.3d 1002, 1008 (10th Cir.2001)]. If a prima facie case is made, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for terminating the plaintiff. *Id.* 'If the defendant successfully meets its burden of production, the burden shifts back to the plaintiff to put forth evidence sufficient to allow a jury to find that the defendant's reason is pretextual, e.g., that it is unworthy of belief.' *Id*. This 'requires a showing that the tendered reason for the employment decision was not the genuine motivating reason, but rather was a disingenuous or sham reason.' *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1129 (10th Cir.1998) (quotation omitted).

*Burns*, 330 F.3d at 1283.

To establish a prima facie case of reverse discrimination, Plaintiff must demonstrate: (1) background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority; (2) that he was qualified for the promotion; (3) that

he was not promoted; and (4) the position remained open or was filed by a person of a different race than Plaintiff. *Mattioda v. White*, 323 F.3d 1288, 1292 (10th Cir. 2003) (citation omitted); *Reynolds v. School Dist. No. 1*, 69 F.3d 1523, 1534 (10th Cir. 1995).

Interpreting Plaintiff's Complaint, he alleges that he was the victim of reverse discrimination because Defendants did not promote him to several positions, including: (1) Examiner Supervisor for Credit Unions in 1994 (Exhibit A at 38:11-25; 39:1-8); (2) Chief Examiner in 1998[6] (Exhibit A at 30:4-13; Exhibit B at ¶¶ 6-7); (3) Industry Manager for Banks in 1999 (Exhibit A at 74:12-24; Exhibit D ¶¶ 3-5); (4) Financial Institutions Industry Manager for Credit Unions in 2000 (Exhibit A at 52:1-10); and (5) Chief Examiner in 2003 (Exhibit A at 28:25; 29:1-24)[7]. Although it is uncontested that Plaintiff did not obtain any of these promotions, Plaintiff's claim fails as a matter of law, as Plaintiff fails to make any argument or provide any evidence in support of a prima facie case of reverse discrimination. *See generally Motion to Deny Defendants' Motion for Summary Judgment* (*Response*), filed Aug. 22, 2003 (*Doc. 28*). "Although we liberally construe a *pro se* plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), we will not supply additional facts, nor will we construct a legal theory. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Although Plaintiff fails to meet his burden, Defendants provide ample evidence in support of

---

[6] As Defendants note, Plaintiff believed this position was filled in 1994 (Exhibit A at 30:6-9). Defendants contend, and Plaintiff does not dispute, that the position actually was not opened until 1998 and filled in 1999.

[7] In Plaintiff's Response, Plaintiff broadly states that "[m]any of Defendants' actions were in retaliation and reprisals for the Plaintiff's initiated litigations in Federal Court." Clearly, Plaintiff's only viable retaliation claim would be his failure to promote claim based on Defendants' action in 2003, after he initiated this litigation. Plaintiff, however, fails to support his assertion with any factual evidence indicating retaliatory treatment. *United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996) (issue is waived when a party fails to make any argument or cite any authority to support his assertion).

their contention. For example, Defendants submitted deposition testimony from Plaintiff in which he admits to merely having a "suspicion" that the Department discriminates against the majority. (Exhibit A at 201:13-25). Moreover, Plaintiff's suspicion, is based on his belief that the discrimination occurs because the Defendants "are trying to avoid discrimination suits from the minorities...." (Exhibit A at 201:7-12; 203:15-25). Plaintiff's suspicions and beliefs are not sufficient to demonstrate a material issue of fact.

Plaintiff also does not bring forth evidence refuting Defendants' claim that he was not qualified for the management positions. Plaintiff's own favorable evaluation of his performance is not sufficient to meet this element. *Farrokhi v. Laura Ashley, Inc.,* 82 F. Supp. 2d 1248, 1252 (D.N.M. 1999). Defendants' evidence includes: (1) an affidavit by Defendant Janis K. Rutschman, Deputy Director for the Financial Institutions Division, stating that Plaintiff did not exhibit the requisite interpersonal skills and management skills necessary for the positions, (Exhibit B at ¶ 10); (2) reprimand letter dated August 1994 from Dave Post, Chief Examiner, to Plaintiff regarding inappropriate physical contact with a female bank employee, (Exhibit B, attachment A); (3) performance evaluations indicating that Plaintiff's performance often needed improvement (Exhibit F); (4) affidavit of Defendant William J. Verant, Director of the Financial Institutions Division, stating that records do not indicate that Plaintiff applied for the 2000 opening for the position of Financial Institutions Industry Manager (Exhibit D at ¶ 9); (5) letter dated May 2000 from the President of the Valley Bank of Commerce in Roswell stating that Plaintiff had improperly conducted his examination and that he never would be allowed to enter the Valley Bank again. (Exhibit D at ¶¶ 6-7); and (6) affidavit of Defendant Verant stating that Plaintiff was not selected as one of the top applicants for the 2003 Chief Examiner position (Exhibit D at ¶ 12). This evidence, without any contradictory

evidence, clearly demonstrates that there is no issue of material fact regarding whether Plaintiff was qualified for the management positions. Furthermore, it remains the prerogative of the employer to choose among the qualified candidates "so long as the choice is not based on impermissible factors." *Farrokhi,* 82 F. Supp. 2d at 1252. In the present case, Plaintiff provides no evidence that Defendants' choices were based on such impermissible factors.

    *c.*    *Equal Protection*

Plaintiff states that due to a car accident in October 2001, in which he and a coworker were involved, he was unable to work for a period of time. Although the Department allowed the coworker to return to work, Defendant Verant wrote to Plaintiff informing him that he could not return until his medical restrictions were removed. Plaintiff alleges that at the time of the written directive two medical doctors had cleared him to return to work. As a result of Defendants' actions, Plaintiff lost wages and was forced to use his sick leave. Plaintiff claims that these actions are indicative of discrimination and of unfair and unequal treatment.

Plaintiff also alleges an Equal Protection violation due to management's hiring of persons at Plaintiff's grade and salary level who allegedly were not qualified to perform the job. He claims that this practice amounts to unfair and unequal treatment. Although the Complaint is difficult to construe, Defendants have failed to put forth evidence or argument regarding Plaintiff's Equal Protection claim.[8] The Court, therefore, will not dismiss these claims at this time.

    *d.*    *Qualified Immunity*

---

[8] Defendants analyzed these claims as Due Process violations, Workers' Compensation and civil conspiracy claims. The Court finds that Defendants misconstrued Plaintiff's arguments but, due to the Complaint's poor construction, the Court will allow Defendants to file another motion for summary judgment regarding these claims.

Defendants William Verant, Janis Rutschman, Arthur Gonzales, and Kelly Ward assert the affirmative defense of qualified immunity. Government officials are entitled to qualified immunity when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To analyze a claim of qualified immunity, a court uses a two-part framework: "first [the court] determine[s] whether the plaintiff has asserted a violation of a constitutional or statutory right, and then [the court] decides whether that right was clearly established such that a reasonable person in the defendant's position would have known that [his or] her conduct violated the right." *Garramone v. Romo*, 94 F.3d 1446, 1449 (10th Cir.1996) (citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). [T]he shield of qualified immunity is pierced if, in light of pre-existing law, the unlawfulness of the conduct is apparent.... "This ordinarily means that there must be a Supreme Court or Tenth Circuit opinion on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Lawmaster v. Ward*, 125 F.3d 1341, 1350 (10th Cir.1997) (quoting *Garramone*, 94 F.3d at 1451). To show the law is clearly established, the plaintiff must do more than make general allegations that the defendant's conduct was unreasonable; rather, the plaintiff's rights must be sufficiently defined so that a "'reasonable official would understand that what he is doing violates that right.'" *Id.* at 1350-51 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)); *see also Walter v. Morton*, 33 F.3d 1240, 1242 (10th Cir.1994) (placing burden on plaintiff to show with "particularity" that facts and law establish inference that defendants violated constitutional right);*Woodward v. City of Worland*, 977 F.2d 1392, 1396 (10th Cir.1992) (requiring plaintiff to "come forward with facts or allegations sufficient to show that the [defendant] violated the clearly established law").

Even assuming Plaintiff has sufficiently alleged hostile work environment and discrimination claims, his allegations do not support the proposition that reasonable officials would have understood that their conduct at that time violated his rights. The Individual Defendants are therefore entitled to qualified immunity on Plaintiff's hostile work environment and discrimination claims. However, due to Defendants' failure to address Plaintiff's Equal Protection claim, the Court at this time, denies Defendants' qualified immunity on that claim.

## IV.    Conclusion

As a result of Plaintiff's failure to submit any evidence or argument indicating that there is a genuine issue of material fact regarding his hostile work environment and reverse discrimination claims, the Court finds summary judgment appropriate. The Court also finds that qualified immunity is appropriate for the individual defendants on Plaintiff's hostile work environment and reverse discrimination claims. The Court, however, denies summary judgment and qualified immunity on Plaintiff's Equal Protection claim at this time. Due to the difficulty in interpreting Plaintiff's pleadings, the Court will allow Defendants to submit another summary judgment motion regarding that claim.

Wherefore,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment and Memorandum in Support Thereof, filed Aug. 15, 2003 (*Doc. 27*), is **GRANTED in part and DENIED in part**.

**The pretrial conference scheduled on Wednesday, November 19, 2003 at 10:30 a.m. shall be held as scheduled** in Chambers #740, Seventh Floor, United States Courthouse, 333 Lomas Boulevard, NW, Albuquerque, New Mexico.

Dated November 10, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE