IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOHN P. GATCHEL,**

    **Plaintiff,**

vs.                                                                                            CIV No. 02-1134 JC/RLP

**REGULATION AND LICENSING DEPARTMENT,**
**FINANCIAL INSTITUTIONS DIVISION, State of New Mexico;**
**WILLIAM J. VERANT, Director, Financial**
**Institutions Division; JANIS R. RUTSCHMAN,**
**Deputy Director, Financial Institutions Division;**
**ARTHUR C. GONZALES, Examiner Chief,**
**Financial Institutions Division; KELLY S. WARD,**
**Superintendent Regulation and Licensing**
**Department; and also each and everyone, individually,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *Defendants' Motion to Dismiss and/or for Summary Judgment on Plaintiff's Second Amended Complaint and Memorandum in Support Thereof* (*Motion to Dismiss*), filed March 23, 2004 (*Doc. 47*); *Defendants' Motion to Strike Plaintiff's Second Response*, filed May 11, 2004 (*Doc. 54*); and *Defendants' Motion to Strike Plaintiff's Exhibits*, filed June 1, 2004 (*Doc. 59*). Having reviewed the motions, memoranda and all relevant authority, the Court being fully advised finds *Defendants' Motion to Dismiss* (*Doc. 47*) well-taken, and it is, therefore, granted. The Court further finds *Defendants' Motion to Strike Plaintiff's Second Response* (*Doc. 54*) well-taken, and it is, therefore, granted. The Court further finds *Defendants' Motion to Strike Plaintiff's Exhibits* (*Doc. 59*) not well-taken, and it is, therefore, denied.

## I. Background

The motion at issue is based on the Court's oral granting of Plaintiff's request to file an amended complaint. Defendants' Motion to Dismiss refers to Plaintiff's Second Amended Complaint. As Defendants acknowledge, due to Plaintiff's failure to follow court rules regarding filing procedures, the Court did not allow him to file that particular complaint. Plaintiff did, however, successfully file *Plaintiff's Corrected First Amended Complaint* (*Corrected Complaint*), filed Jan. 2, 2004 (*Doc. 42*). As Plaintiff's *Corrected Complaint* is the most recent complaint, the Court will assume Defendants' arguments are based upon that Complaint, for Defendants' *Motion to Dismiss* appears to cover all of Plaintiff's arguments.[1]

In the Court's Memorandum Opinion and Order of November 10, 2003 (*Doc. 39*), the Court laid out a detailed discussion of the facts. Although this Memorandum Opinion and Order concerns a new Complaint, the facts are the same. The Court, therefore, only will briefly discuss them. Due to Plaintiff's failure to include a "facts section" in his *Corrected Complaint*, the Court must look to Defendants' *Motion to Dismiss* to obtain any facts.

On or about October 4, 2001, Plaintiff and another employee were involved in an automobile accident. From October 4, 2001 to October 9, 2002, Plaintiff's status bounced between being on sick leave and returning to work with or without restrictions several times. While on a restricted work schedule, Defendants' accommodated Plaintiff by having another employee drive him to work.

## II. Standard of Review

This motion was brought pursuant to Federal Rule of Civil Procedure12(b)(6). When

---

[1] Quizzically, Defendants never refer to *Plaintiff's Corrected First Amended Complaint*. Instead, they refer to Plaintiff's *First Amended and Addendum to Plaintiff's Complaint*, filed Dec. 19, 2003 (*Doc. 41*) and to Plaintiff's *Second Amended Complaint*, which he did not file.

considering a motion to dismiss, the Court must accept all well-pled factual allegations in the light most favorable to Plaintiff. *Jojola v. Chavez*, 55 F. 3d 488, 490 (10th Cir. 1995). Dismissal is appropriate only if the plaintiff can prove no set of facts in support of the claim entitling her to relief. *Bauchman v. West High Sch.*, 132 F. 3d 542, 550 (10th Cir. 1997)(citing *Ramirez v. Oklahoma Dept of Mental Health*, 41 F. 3d 584, 586 (10th Cir. 1994)).

Summary judgment, on the other hand, is appropriate only if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Federal Rules of Procedure state that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U. S. 317, 321-323 (1986). Once the movant meets its burden, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but he must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). In reviewing a summary judgment motion, the evidence must be viewed in the light most favorable to the nonmoving party. *Frandsen v. Westinghouse Corp*., 46 F. 3d 975, 977 (10th Cir. 1995). If matters outside of the pleadings are to be considered by the Court in ruling upon a motion to dismiss, the motion is converted to one under Federal Rule of Civil Procedure P.56. Indeed, Rule 12(b) provides in part:

> If . . . matters outside the pleading are presented to and not excluded
> by the court, the motion shall be treated as one for summary judgment
> and disposed of as provided in Rule 56, and all parties shall be given
> a reasonable opportunity to present all materials made pertinent to
> such a motion by Rule 56. Fed. R. Civ. P. 12(b)(6).

In light of the Court's consideration of evidence presented outside of the pleadings, the Court will treat this motion as a motion for summary judgment.

While pro se pleadings should be construed liberally and held to a less stringent standard than

formal proceedings drafted by lawyers, *Gibson v. City of Cripple Creek,* 1995 WL 94483 (10th Cir. March 1, 1995), that standard does not override a pro se plaintiff's responsibility to provide a simple and concise statement of his claims and the specific conduct that gives rise to each asserted claim. *Conley v. Gibson*, 355 U.S. 41, 48 (1957) (pro se plaintiff's complaint must be sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests"); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994) (pro se litigant required to follow the rules of federal and appellate procedure).

A court cannot be a pro se litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"). The court may disregard and dismiss without a hearing claims that are vague and conclusory. *Johnson v. Richards*, 617 F.Supp. 113, 114 (W.D.Okla.1984); *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir.1986) (a failure to provide specific factual allegations renders a complaint vague and conclusory).

**III.   Analysis**

    **A.   Motion to Strike Plaintiff's Second Response**

On March 29, 2004, Plaintiff filed his *Request to Submit Exhibits in Support of Plaintiff's Consolidated Response to the Defendants' Motion to Dismiss and/or for Summary Judgment (Pl's Initial Resp.)* (*Doc.48*). Approximately one month later Plaintiff filed another almost identical motion entitled *Plaintiff's John P. Gatchel, Pro Se, Request to Submit Exhibits in Support of Plaintiff's*

*Consolidated Response to the Defendants' Motion to Dismiss and/or for Summary Judgment* (*Second Response*), filed April 27, 2004 (*Doc. 51*). Due to Plaintiff's filing of his *Initial Response*, the Court treats the subsequent response as a surreply. "The filing of a surreply requires leave of the Court." D.N.M.LR-Civ. 7.6(b). Plaintiff, however, failed to request that he may file any further replies to Defendants' motion. The Court, thus, strikes Plaintiff's *Second Response* and grants Defendants' motion (*Doc. 54*). Due to Plaintiff's failure to request the opportunity to file a surreply, the Court bases its decision on Plaintiff's *Initial Response* (*Doc. 48*).[2]

### B. Motion to Strike Plaintiff's Exhibits

Defendants claim that Plaintiff's exhibits must be stricken due to Plaintiff's failure to properly authenticate them. "Unauthenticated documents, once challenged, cannot be considered by a court in determining a summary judgment motion." 11 James Wm. Moore, et al., *Moore's Federal Practice*, § 56.14[2][c]. Due to the Court's determination that even with the aid of the exhibits Plaintiff's motion should be dismissed, the Court need not determine whether Plaintiff properly authenticated his exhibits.

### C. Defendant's Motion to Dismiss or for Summary Judgment

1. *Retaliation for Protected Speech*

The Court sympathizes with Defendants in their attempt to comprehend Plaintiff's complaint, as it, too, had great difficulty ascertaining Plaintiff's contentions. Construing Plaintiff's *Corrected Complaint* liberally, the Court has determined that Plaintiff has failed to make out a retaliation claim either under Title VII or under § 1983.

---

[2] On May 3, 2004, the Court granted in part Plaintiff's *Request to Submit Exhibits in Support of Plaintiff's Consolidated Response to the Defendants' Motion to Dismiss and/or for Summary Judgment (Pl's Initial Resp.* (*Doc.48*).

TITLE VII

In order for this Court to exercise jurisdiction over a Title VII claim, a plaintiff must first have exhausted his administrative remedies. *Sampson v. Civiletti*, 632 F.2d 860, 862 (10th Cir. 1980). Such exhaustion includes filing a grievance with the EEOC, and upon the commission's determination that it will not pursue the matter, receiving a right to sue letter giving the complainant 90 days with which to file a civil suit. *E.E.O.C. v. W.H. Brawn, Inc.,* 347 F.3d 1192, 1198 (10th Cir. 2003). In the present case, Plaintiff has not alleged nor provided evidence that he filed a complaint with the EEOC much less received a right to sue letter. This Court, therefore, lacks jurisdiction to entertain a Title VII claim in this case.

42 U.S.C. § 1983

Plaintiff's retaliation claim also fails under a § 1983 analysis. Section 1983 protects persons from the actions of state actors if their conduct rises to the level constituting a deprivation of rights, privileges or immunities secured by the United States Constitution or federal laws. 42 U.S.C. § 1983. A plaintiff thus must sufficiently allege a constitutional or statutory violation in order for a court to consider a claim pursuant to Section 1983. In the present context, Plaintiff alleges that due to his filing of a grievance and due to his filing of this civil suit, Defendants retaliated against him.[3] The Court will construe Plaintiff's allegation as a First Amendment retaliation claim.

It is well established that a public employer cannot retaliate against an employee for exercising his First Amendment right of free speech. *Connick v. Myers,* 461 U.S. 138, 142 (1983);

---

[3] Neither Plaintiff's *Corrected Complaint* nor his response to Defendants' *Motion to Dismiss* discusses the grievance. The *Corrected Complaint* merely mentions a grievance he filed. Yet, such a brief mention without further evidence is not sufficient to withstand Defendants' motion.

*Finn v. New Mexico*, 249 F.3d 1241, 1246 (10th Cir. 2001). To determine whether an employer has violated a complainant's constitutional right, a court utilizes a four prong analysis: (1) does the plaintiff's speech involve a matter of public concern; and if so (2) the court balances the plaintiff's interest in commenting on matters of public concern against the interests of the defendants, as employers, in promoting the efficiency of the public services it performs through its employees; then if the balance weighs in favor of the plaintiff, (3) the plaintiff must demonstrate that the speech was a substantial or motivating factor in a detrimental employment decision, *Lybrook v. Farmington Municipal Schs. Bd. of Educ.*, 232 F.3d 1334 (10th Cir. 2000); (4) finally, if the plaintiff establishes that the speech was a factor, "the burden then shifts to the employer to show 'by a preponderance of evidence that it would have reached the same decision ... even in the absence of the protected conduct.'" *Gardetto v. Mason*, 100 F.3d 803, 811 (10th Cir. 1996) (citation omitted).

    Not all lawsuits represent a matter of public concern. A private office dispute or other matters of sole concern to the governmental employee cannot be constitutionalized by filing a legal action. *Dill v. City of Edmund, Okla.*, 155 F.3d 1193, 1202 (10th Cir. 1998). A governmental employee's speech is deemed of public concern if it is of interest to the community, whether for social, political, or other reasons. *Hom v. Squire*, 81 F.3d 969, 974 (10th Cir. 1996). Plaintiff's suit before this Court does not involve matters of public concern, as it does not seek pervasive or systemic relief regarding issues of interest to the community. Instead, Plaintiff's suit complains of internal personnel disputes regarding Plaintiff's perception of his treatment after his accident. For instance, he complains that he was not allowed to return to work after his medical restrictions were lifted. He also complains without specifics that he was treated unfairly regarding

promotions and salary increases, and that he was wrongly criticized at times. Yet, such internal personnel disputes do not involve matters of public concern. *Dill*, 155 F.3d at 1202. (issues regarding internal personnel disputes are not matters of public concern). The Court, therefore, finds that Plaintiff has failed to state a First Amendment retaliation claim.

 2. *Equal Protection*

The Court construes Plaintiff's Equal Protection claim as based on 42 U.S.C. § 1983. As to all individual Defendants, including the additional Defendants, which he added in his *Corrected Complaint,* under § 1983 "a defendant may not be held liable under a theory of respondeat superior" *Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1187 (10th Cir. 2003) (quoting *Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000)). Under Plaintiff's burden of proof he "must show that an affirmative link exists between the [constitutional] deprivation and either [Defendants'] personal participation, [their] exercise of control or direction, or [their] failure to supervise." *Id.* In the present case, Plaintiff fails to allege such conduct by any of the individual Defendants except possibly by William Verant. Defendant Verant purportedly did not allow Plaintiff to return to work after the car accident until all of his medical restrictions were lifted even though his fellow worker who was also in the accident was allowed to resume his duties. The question is thus whether Defendant Verant's action rises to the level of an Equal Protection violation.[4]

Pursuant to the Equal Protection Clause of the Fourteenth Amendment, "[n]o State shall… deny to any person within its jurisdiction the equal protection of the laws." U.S. Const.

---

[4] A plaintiff may bring an Equal Protection claim as "a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000).

amend. XIV, §1. Plaintiff does not allege that he is a member of a suspect class nor does he allege that a fundamental right is at issue. Plaintiff must, therefore, demonstrate that Defendant Verant "treated him differently than others 'similarly situated'... and that this different treatment lacked a rational basis." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998) (quoting *Landmark Land Co. of Okla. v. Buchanan*, 874 F.2d 717, 722 (10th Cir. 1989)).

Plaintiff's *Corrected Complaint* alleges that Defendant Verant treated him differently than a similarly situated employee. Plaintiff's claim states that while another employee who was in the car accident with him was allowed to return to work, Defendant Verant did not allow him to return to work until all of his medical restrictions were lifted. Plaintiff's claim fails as he neglects to elucidate the conditions necessitating similar treatment. Instead, Plaintiff merely states that two medical doctors said he could return to work while omitting any mention of the other employee's condition and reasons for his return.

Further construing Plaintiff's claims, he also appears to contend that he was treated differently than other employees regarding salary increases or promotions, denial of seniority rights, and assignment of difficult examinations. Even assuming Plaintiff demonstrated an affirmative link between these claims and Defendants' participation, Plaintiff's claims fail, as he does not support these allegations with any evidence that he was treated differently than other similarly situated employees.

Plaintiff specifically mentions that his employer promoted Isaac Montoya to the position of Chief Examiner. He alleges that Mr. Montoya obtained the position even though he had fewer years of experience than did Plaintiff. Evidentiary support, however, is lacking, as once again, Plaintiff does not support his allegation with any competent exhibits.

3.     *Harassment*

Plaintiff's obliquely worded *Corrected Complaint* also may be construed as alleging harassment. A Plaintiff may seek redress for hostile work environment harassment that violates the Equal Protection clause under § 1983. *Jemmott v. Coughlin*, 85 F.3d 61, 67 (2d. Cir. 1996). A Plaintiff also may seek redress for such claims under Title VII.. Yet, such claims must allege either sexual or racial hostile work environment harassment. *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 66 (1986) (sexual harassment resulting in a hostile work environment is a form of sex discrimination, in violation of Title VII); *Hicks v. Gates Rubber Co.,* 833 F.2d 1406, 1412 (10th Cir. 1987) (racial harassment that creates a hostile work environment is a form of race discrimination). The elements for a hostile work environment harassment claim are the same for claims under § 1983 and Title VII. *Jemmott*, 85 F.3d at 67; *Drake v. City of Fort Collins*, 927 F.2d 1156, 1162 (10th Cir. 1991).

In the present case, Plaintiff's harassment claim fails under any analysis, as he fails to allege that the alleged harassment was due to his race or sex or that the harassment was driven by racial or gender-based animus.[5] *Bolden v. PRC, Inc.,* 43 F.3d 545, 551 (10th Cir. 1994). General harassment not based on race or sex is not actionable. *Id.* "Verbal harassment or abuse...is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983," *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979), if there are no allegations based on race or sex of the plaintiff.

4.     *New Mexico Human Rights Act*

Plaintiff seems to allege a claim under the New Mexico Human Rights Act (HRA), NMSA

---

[5] Even assuming Plaintiff did allege racial harassment, for such a claim to be actionable it must be "sufficiently severe or pervasive to 'alter the conditions of the victim's employment and create an abusive work environment." *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993) (quotation omitted).

1978 § 28-1-7. Plaintiff's allegation, however, fails as he does not state a claim. As a prerequisite to suit under the HRA, a complainant must comply with the grievance procedures of the Act. *Jaramillo v. J.C. Penny Co., Inc.,* 102 N.M. 272 (Ct. App. 1985). Plaintiff's *Corrected Complaint* fails to allege that he filed a grievance with the Human Rights Commission. Thus, Plaintiff's claim fails, as he did not comply with the requisite procedures prior to filing this suit.

**IV.    Conclusion**

The Court finds Plaintiff's *Corrected Complaint* without merit, as it fails to state any claims. Even assuming, however, that Plaintiff did properly state claims, he did not support any one with sufficient evidence. Plaintiff's *Corrected Complaint* thus is dismissed with prejudice.

Wherefore,

IT IS ORDERED that *Defendants' Motion to Dismiss and/or for Summary Judgment on Plaintiff's Second Amended Complaint and Memorandum in Support Thereof*, filed March 23, 2004 (*Doc. 47*) is GRANTED.

IT IS FURTHER ORDERED that *Defendants' Motion to Strike Plaintiff's Second Response*, filed May 11, 2004 (*Doc. 54*) is GRANTED;

IT IS FINALLY ORDERED that *Defendants' Motion to Strike Plaintiff's Exhibits*, filed June 1, 2004 (*Doc. 59*) is DENIED.

DATED June 29, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

*Plaintiff, pro se*:

John P. Gatchel
Albuquerque, New Mexico

*Attorney for Defendant:*

Sean Olivas, Esq.
KELEHER & McCLEOD, P.A.
Albuquerque, New Mexico